## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

DEAN ANGELLE ET AL

CASE NO.  6:25-CV-01113

VERSUS

JUDGE ROBERT R. SUMMERHAYS

C V S HEALTH CORP ET AL

MAGISTRATE JUDGE CAROL B. WHITEHURST

## REPORT AND RECOMMENDATION

Before the Court is Defendant, CVS Health Corporation's Motion to Dismiss for Lack of Personal Jurisdiction. (Rec. Doc. 8). Plaintiffs did not oppose the motion. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the Court's standing orders. Considering the evidence, the law, and the parties' arguments, and for the following reasons, the Court recommends that CVS Health's motion be granted.

## Facts and Procedural History

Plaintiffs, individually and on behalf of others similarly situated, filed this putative class action in state court against CVS Health Corp., CVS Pharmacy, Inc., Caremark PCS Health LLC, who they refer to collectively as "CVS/Caremark," inter alia asserting claims under Louisiana's Unfair Trade Practices Act (LUPTA) based

on alleged CVS text messages and emails to Louisiana CVS customers urging them to contact their state representatives to vote against pending legislation (House Bill 358) that would impact CVS/Caremark. (Rec. Doc. 2-1, 2-2). CVS Health Corp., a non-Louisiana parent company of other CVS entities, filed the instant motion to dismiss on the grounds that the Court lacks personal jurisdiction.

## Law and Analysis

### I.    Personal Jurisdiction

F.R.C.P. Rule 12(b)(2) is the vehicle by which a non-resident defendant may challenge the court's personal jurisdiction over him. Plaintiffs bear the burden of demonstrating jurisdiction by presenting facts sufficient to constitute a *prima facie* case of jurisdiction. *Johnson v. TheHuffingtonPost.com, Inc.,* 21 F.4th 314, 317 (5th Cir. 2021), *cert. denied,* 143 S. Ct. 485, 214 L. Ed. 2d 277 (2022); *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir.2003). In determining whether jurisdiction exists, the court must accept the plaintiff's uncontroverted, non-conclusory allegations of fact. *Johnson*, 21 F.4th at 317. The court is not required to credit conclusory allegations, even if left uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001).

In determining whether personal jurisdiction is proper, a district court sitting in diversity, as in this case, applies the law of the forum state in which it sits. Fed. R. Civ. P. 4(e). The Louisiana Long-Arm Statute provides that this Court may

2

exercise personal jurisdiction over any nonresident so long as the basis for such jurisdiction is consistent with the United States Constitution. Fed. R. Civ. P. 4(e). Consequently, the limits of the Louisiana Long-Arm statue are coextensive with the limits of constitutional due process. *Alonso v. Line*, 02-2644 (La. 05/20/03), 846 So.2d 745, *cert. denied*, 540 U.S. 967 (2003); *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So.2d 1188, 1192 (La. 1987). This Court need only determine whether subjecting Defendants to suit in Louisiana would be consistent with the Due Process Clause of the Fourteenth Amendment. See, e.g., *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 242-43 (5th Cir. 2008).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with that state, and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir.1999). In other words, due process is satisfied when the defendant's connection with Louisiana is such that the defendant should reasonably anticipate being haled into court in Louisiana. *Id*.

Minimum contacts may give rise to either specific jurisdiction or general jurisdiction. General personal jurisdiction exists when a defendant's affiliations with the forum state are so continuous and systematic as to render the defendant

3

essentially at home there even if the cause of action did not arise from or relate to the defendant's purposeful contacts with the forum. *Freudensprung v. Offshore Tech. Servs., Inc.,* 379 F.3d 327, 343 (5th Cir. 2004). Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. *Walk Haydel*, 517 F.3d at 243. Whether specific jurisdiction exists is a three-step inquiry. First, the court must determine whether the defendant has minimum contacts with the forum state or, in other words, whether the defendant has purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there. *Nuivo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir.2002). Random, fortuitous, or attenuated contacts are insufficient. *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir.2007). However, "[a] single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." *Lewis v. Fresne,* 252 F.3d 352, 358–59 (5th Cir.2001).

Second, the court must determine whether the plaintiff's cause of action arises out of or results from the defendant's contacts with the forum. *Nuivo Pignone*, 310 F.3d at 378. Finally, if the plaintiff satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that the forum state's exercise of

4

jurisdiction would be unfair or unreasonable. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir.2006).

## II.      CVS Health's Lack of Contacts

CVS Health submitted the declaration of its representative, Thomas S. Moffatt, who declared that CVS is a holding company whose primary functions are to issue stock and file SEC reports. (Rec. Doc. 8-2, ¶4). It is a Delaware corporation with its principal place of business in Rhode Island and is a distinct entity from other CVS defendants in the suit. (¶5; 11). It has no offices, businesses, employees, operations, or presence in Louisiana. (¶6-10). CVS Health's status as parent company of other defendant CVS entities does not amount to contacts sufficient to impute or confer jurisdiction. *Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 857 (5th Cir. 2000). Plaintiffs offered no countervailing evidence to suggest that CVS Health has sufficient contacts with Louisiana to warrant personal jurisdiction and thus failed to satisfy their burden. CVS Health should be dismissed for want of personal jurisdiction.

## Conclusion

For the reasons discussed herein, the Court recommends that CVS Health Corp.'s Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 8) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 2nd day of March, 2026.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE